# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Darnell Curtis Riley, | ) |
|           Plaintiff, | ) |
| v. | ) Civil Action No. 3:18-cv-2194-TMC |
| | ) **ORDER** |
| Dan Johnson, Lt. Herbert E. Frazier, Damian Burris, | ) |
|           Defendants. | ) |

Plaintiff Darnell Curtis Riley, a prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). On April 15, 2019, Defendant Dan Johnson filed a motion for summary judgment. (ECF No. 36). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately to the motion. (ECF No. 39). Plaintiff did not respond. On April 29, 2019, Defendant Herbert E. Frazier filed a motion for summary judgment. (ECF No. 47). The magistrate judge again advised Plaintiff pursuant to *Roseboro* of the summary judgment procedure and the potential consequences for failing to respond to the motion. (ECF No. 48). Plaintiff failed to respond. Finally, on May 30, 2019, Defendant Damian Burris filed a motion for summary judgment. (ECF No. 50). And, once again, Plaintiff was given notice pursuant to *Roseboro* of the summary judgment procedure and the possible consequences if he did not respond adequately to the motion. (ECF No. 51). Plaintiff, however, did not respond.

On August 7, 2019, the magistrate judge issued a Report and Recommendation ("Report") recommending that this action be dismissed with prejudice for failure to prosecute pursuant to Fed.

R. Civ. P. 41(b). (ECF No. 55).[1] Plaintiff was advised of his right to file objections to the Report. (ECF No. 55-1). However, Plaintiff has not filed any objections to the Report and the time for doing so has expired.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 55) and incorporates it herein. Accordingly, this action is **DISMISSED with prejudice** pursuant to Rule 41(b). *See Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 28, 2019

---

[1] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.